IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HARMEET SINGH BAJWA, | ) | CASE NO. 4:13 CV 224 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Harmeet Singh Bajwa for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Bajwa is now incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio and has named Warden Michael J. Pugh as a respondent.[3] As yet, none of the respondents have filed a response. But, as will be discussed below, on review of the petition I recommend its dismissal as stating grounds non-cognizable under the cited statute.

---

[1] ECF # 2.

[2] ECF # 1.

[3] *Id.* Also named as respondents are the United States of America and "Charles B Samuel" (sic), director of the Federal Bureau of Prisons. [Charles E. Samuels, Jr. is the correct name of the director.]

**Facts**

**A.     Background**

The present motion arises nearly three years after Bajwa pled guilty to being a courier for cocaine. While many documents associated with the case are under seal because they contain references to then-current persons in illegal drug activities who might take reprisals against Bajwa, the public record shows that Bajwa was arrested and detained on a complaint alleging violations of the drug laws in the Central District of California in November, 2009.[4] After indictment and arraignment, Bajwa entered into plea negotiations that ultimately led to him pleading guilty to one count of possessing 146 kilograms of cocaine with intent to deliver.[5]

Prior to sentencing, Bajwa, under seal and through counsel, submitted a sentencing memorandum in July, 2010, arguing that because of Bajwa's lack of criminal history, his age (25) and care for his disabled mother, and his cooperation with the government, the sentence should be 70 months imprisonment.[6] The United States filed an opposition, also under seal, noting first that the presentence report had calculated that under the guidelines Bajwa's sentence should be between 108 and 135 months in prison.[7] The government further argued

---

[4] *United States v. Bajwa, et al.*, Case No. 2:09-cr-1270-AHM-1 (C.D. Cal. 2009), ECF #s 1-7.

[5] *Id*. at 39.

[6] *Id*. at 56.

[7] *Id*. at 83.

that the probation office's suggested 108-month sentence appropriately addressed both Bajwa's level of cooperation and his status as a first offender, while also acknowledging the seriousness of the crime.[8]

On August 11, 2010, the district court sentenced Bajwa to 84 months in prison plus five years of supervised release, along with fines and a special assessment.[9] The record discloses that Bajwa filed no direct appeal from this sentence within the time permitted, nor did he file any other motions for relief from that sentence for almost two years.

On May 29, 2012, now acting *pro se*, Bajwa filed a notice of appeal with the Ninth Circuit.[10] Because Bajwa did not timely file his notice of appeal within 14 days after the entry of the judgment, the appellate court, on June 28, 2012, entered an order directing Bajwa to show cause within 21 days why his appeal should not be dismissed as untimely.[11] In response to that order, on July 13, 2012, Bajwa submitted a lengthy brief arguing that he should have received a significant downward departure from the sentencing guidelines under the Department of Justice Fast-Track program established for persons convicted of illegal

---

[8] *Id.*

[9] *Id.* at 76.

[10] *Id.* at 91.

[11] *United States of America v. Bajwa*, Case No. 12-50256 (9th Cir. 2012), ECF # 3.

-3-

re-entry into the United States.[12] On September 11, 2012, the Ninth Circuit granted the motion of the United States to dismiss Bajwa's appeal as untimely.[13]

**B.     Current motion**

Bajwa filed the present motion under 28 U.S.C. § 2241 in this Court on January 30, 2013.[14] In it, he contends that he previously filed a motion for federal habeas relief under 28 U.S.C. § 2255 that was "denied on grounds of untimeliness."[15] He asserts, as he did to the Ninth Circuit in the appeal which was denied as untimely, that his § 2255 remedy was inadequate or ineffective and that he is now entitled to relief under the savings provision of § 2241.[16]

As his remedy here, Bajwa seeks re-sentencing under the downward departures of the Fast-Track program or, alternatively, a sentence to time served.[17]

---

[12] *Id.*, ECF # 4.

[13] *Bajwa*, Case No. 2:09-cv-1270, ECF # 96 (copy of Ninth Circuit order dismissing appeal).

[14] ECF # 1.

[15] *Id*. at 2.

[16] *Id*. at 3.

[17] *Id.* at 6.

## Analysis

**A.     Standards of review**

*1.     Review of habeas petition prior to filing of a return of the writ*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[18] "Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself without need for consideration of a return."[19]

*2.     Section 2255 and relation to § 2241*

A petitioner may not challenge his sentence in a habeas proceeding under § 2241. Such claims require the filing of a post-conviction motion under 28 U.S.C. § 2255 with the trial court.[20] A federal prisoner may file a habeas corpus petition under § 2241 only to challenge a decision by prison officials that affects the manner in which his or her sentence is being carried out, such as the computation of sentence credits or parole eligibility.[21]

---

[18] 28 U.S.C. § 2243.

[19] *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

[20] *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

[21] *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991).

Federal prisoners may obtain habeas corpus relief under 28 U.S.C. § 2241 only in limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him [or her] relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[22]

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."[23]

The Sixth Circuit has interpreted the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."[24] After its decision in *Charles v. Chandler*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

---

[22] 28 U.S.C. § 2255(e).

[23] *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

[24] *Id.* at 756.

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."[25]

The § 2255 remedy might be inadequate or ineffective when the Supreme Court announces a new statutory interpretation. Even in that circumstance, a prisoner can obtain relief under § 2241 only if he or she is "actually innocent" of the convicted crime.[26] "Actual innocence means factual innocence."[27]

### B. Application of standards – this petition should be dismissed without waiting for a response because it is non-cognizable.

First, as explained above, a district court has a duty to screen out non-meritorious petitions even prior to the filing of a response. Thus, even though the respondent here has not filed a response, on the basis of the arguments below, this Court should exercise its duty to

---

[25] *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758).

[26] *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing's § 2255's restrictions on the filing of second or successive habeas petitions."); *see also*, *Peterman*, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence.").

[27] *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

screen out non-meritorious petitions at this stage of the proceedings and dismiss Bajwa's petition.

Further, as discussed above, claims like this one that challenge the legality of a sentence are proper only under § 2255 and not § 2241, subject only to a very narrow savings clause.

Under that clause, as construed by the Sixth Circuit, a petitioner may not seek relief under § 2241 on the grounds of the inadequacy of § 2255 remedies simply because that petitioner has been denied relief under § 2255 or is procedurally barred from seeking it.[28] As is well-established, "[a] motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the 'date on which the judgment of conviction becomes final.'"[29]

In this case, Bajwa did nothing – neither a direct appeal nor a motion under § 2255 – during the nearly two years between his August, 2010, sentencing and his attempt to file a "notice of appeal and/or informal motion to remand" with the Ninth Circuit in May of 2012 – a motion dismissed by the Ninth Circuit as untimely. By doing nothing to avail himself of relief under § 2255 during the statutory time limit that expired in 2011, he may not now use § 2241 as some "additional, alternative or supplemental remedy to that prescribed under § 2255,"[30] which is no longer open to him.

---

[28] *Charles*, 180 F.3d at 755-56.

[29] *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255, ¶ 6(1)).

[30] *Peterman*, 249 F.3d at 461.

In addition, obtaining relief under § 2241's savings clause on the alternative ground of a new interpretation of statute – a basis which might conceivably apply here – requires that the petitioner be actually innocent of the offense for which he was convicted.[31] Plainly, Bajwa may not assert that he is factually innocent of the crime for which he was convicted since he pled guilty to that offense, and even admits again in this petition that the only relief sought is a lesser sentence for his crime of being a drug courier.

## Conclusion

For the reasons stated above, I recommend that the petition of Harmeet Singh Bajwa under 28 U.S.C. § 2241 be dismissed.

Dated: August 19, 2013                s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[32]

---

[31] *Perez*, 319 F.3d at 804-05.

[32] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).